J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>HOME TRADITIONS REAL ESTATE,<br><br>Debtor. | Case No. 07-29027-B-7<br>Chapter 7<br><br>DNL-2<br><br>Date: April 30, 2013<br>Time: 9:32 a.m.<br>Place: Dept. B, Courtroom 32<br>501 I Street, 6th Floor<br>Sacramento, California |

### MOTION TO APPROVE SALE OF CLAIM

Pursuant to 11 U.S.C. 363(b)(1), SUSAN K. SMITH ("Trustee"), in her capacity as the trustee for the Chapter 7 bankruptcy estate of HOME TRADITIONS REAL ESTATE ("Home Traditions"), hereby moves for authority to sell the bankruptcy estate's interest in the claims asserted in Solano County Superior Court case #FCS038595 ("State Court Case"), to MARK V. BUCEDI and PATRICIA BUCEDI (collectively referred to as "Bucedis"), for the purchase price of $10,000.00 and 33% of the net proceeds of any recovery. The sale is subject to Bankruptcy Court approval and overbidding at the sale hearing. In support thereof, Trustee respectfully represents the following:

### JURISDICTION AND FACTUAL BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

2. On October 26, 2007, the Bucedis commenced bankruptcy case #07-29026-A-7 by filing a voluntary Chapter 7 petition. On the same day, Home Traditions, which is a wholly owned corporation of the Bucedis, commenced the above captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed trustee of both of the bankruptcy estates.

3. On December 5, 2007, Trustee filed a report of no distribution in each case.

4. The Bucedis' case was closed on February 15, 2008, and on August 1, 2008, the Home Traditions' case closed.

5. On June 4, 2012, Vincent M. Spohn, on behalf of the Bucedis and Home Traditions, commenced the State Court Case against Lauralee Ensign, Linda K. Green, 3 Redivas, Inc., a California Corporation dba Century 21 Distinctive, Reology Corporation, Reology Franchise Group, and Premier Solano, Inc., dba Century 21 M&M (collectively referred to as "Defendants"). Arising from alleged verbal promises and a "Memorandum of Intent to Purchase," the State Court Case alleges causes of actions for breach of fiduciary duty, fraud, negligence, and unjust enrichment. In response, Defendants have filed multiple demurrers arguing that the claims are legally insufficient to support proper causes of actions.

6. On July 16, 2012, the Bucedis filed an application to re-open the Home Traditions bankruptcy case to disclose the State Court Case as an asset. The application did not request the appointment of a trustee, nor was one appointed. The case was re-opened on July 26, 2012 and re-closed on August 29, 2012.

7. On October 24, 2012, after the Superior Court issued an order in the State Court Case requiring the trustee for the bankruptcy estates to be substituted as the real party in interest or face dismissal, the Budecis filed an application to re-open both the Home Traditions' bankruptcy case and their personal bankruptcy case.

8. On October 26, 2012, both cases were reopened and Trustee was re-appointed as trustee.

2

9. A related motion to approve the sale of the Bucedis' bankruptcy estate's interest in the claims will be heard in Department A on April 8, 2013 at 10:00 a.m.

### TERMS OF SALE AGREEMENT

10. Subject to Bankruptcy Court approval, Trustee has entered into a stipulation to sell both bankruptcy estates' interest in the State Court Case. Pertinent to this motion, the stipulation provides that (a) Trustee shall sell and the Bucedis shall purchase the estates' interest in the claims asserted in the State Court Case; (b) the Bucedis shall pay Trustee $5,000 within 30 days of the stipulation; (c) the Bucedis shall pay another $5,000 within 60 days of the stipulation; and (d) the Bucedis shall provide the estates with 33% of the net recovery.[1] The Sale Agreement is subject to Bankruptcy Court approval and overbidding at a duly noticed hearing.

### BASIS FOR RELIEF

Pursuant to 11 U.S.C. 363(b)(1), Trustee may sell property of the estate after notice and hearing. A sale under Section 363(b)(1) must have a valid business justification and be proposed in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996). Trustee's proposed sale of the claims asserted in the State Court Case to the Bucedis has a valid business justification and is in the best interest of the estate. In addition to having to defend against Defendants' demurrers, Trustee believes that litigating fact intensive claims involving verbal agreements will be expensive and time consuming for the estate. Trustee's sale will limit the estates' role in the litigation and minimize costs, while still reserving a one third interest in the recovery. Moreover, based on the demurrers and Trustee's evaluation, the probability of succeeding on the merits is unknown and could possibly leave the estates with nothing. As a result, Trustee believes the sale is in the best interest of the estates because the sale provides the estates with sure funds for the benefit of the creditors while still providing a one third interest in the net recovery. As such, the proposed sale should be approved.

///

///

---

[1] The Bucedis failed to pay the agreed upon amount within the specified time period, but for the benefit of the estates Trustee waived time to allow the Bucedis to comply. The Bucedis have since paid Trustee.

**WHEREFORE**, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: March 25, 2013          DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
**J. LUKE HENDRIX**
Attorneys for Susan K. Smith
Chapter 7 Trustee